**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
|     *Plaintiff*, | |
| **v.** | Crim. No. 15-cr-137-1 (MAJ) |
| **JOSÉ L. COLÓN-PANETO,** | |
|     *Defendant*. | |

<u>**OPINION AND ORDER**</u>

### I.    Introduction

On February 19, 2015, a Grand Jury returned a six-count indictment against José L. Colón-Paneto ("Colón-Paneto"), charging Colón-Paneto and twenty-four co-defendants with conspiracy, drug trafficking, and firearms offenses (the "Indictment"). (**ECF No. 3**). Colón-Paneto, who was charged under all six counts and was identified by the Indictment as a "leader" or "administrator" of the conspiracy, (**ECF No. 3 at 8**), plead guilty to Count 1 ("Conspiracy to Possess with Intent to Distribute Controlled Substances") and Count 6 ("Possession of a Firearm in Furtherance of a Drug Trafficking Crime"). (**ECF No. 631**). On April 4, 2017, Colón-Paneto was sentenced by the district court to serve ninety-seven (97) months as to Count 1 and sixty months (60) as to Count 6 to be served consecutively, for a total of one-hundred and fifty-seven (157) total months of incarceration. (**ECF No. 846**). Colón-Paneto was also sentenced to serve eight (8) years of supervised release as to Count 1 and five (5) years of supervised release as to Count 6, to be served concurrently. *Id.*

Before the Court is a Motion for Compassionate Release filed by Colón-Paneto, pursuant to 18 U.S.C. § 3582(c)(1)(A). (**ECF No. 1366**).[1] The United States does not oppose Colón-Paneto's request.

The motion filed by Colón-Paneto raises two distinct grounds for relief. First, Colón-Paneto argues that he qualifies for a reduction to his sentence under Amendment 821 to the United States Sentencing Guidelines, *see* (**ECF No. 1366 at 8–9**), which "altered Chapter Four of the Guidelines to provide a two-level reduction for certain offenders with no criminal history[.]" *United States v. Rivera-Dubois*, Crim. No. 18-0276, 2024 WL 3488665, at *2 (D.P.R. July 19, 2024). The Court will hereafter refer to this argument as the "Motion for Sentence Reduction." Second, Colón-Paneto contends that he has demonstrated an "extraordinary and compelling" circumstance that warrants compassionate release. (**ECF No. 1366 at 9–11**). Specifically, Colón-Paneto points to "the needs of [his] non-verbal autistic son," J.C.F., whose needs "could not have been fully anticipated . . . at the time of sentencing" in light of "a significant decline in [Colón-Paneto's] wife's physical capacity to provide care due to her debilitating back pain." (**ECF No. 1366 at 9–10**). The Court will hereafter refer to this argument as the "Motion for Compassionate Release."

Colón-Paneto was arrested in connection with this case on April 19, 2016. (**ECF No. 1366 at 3**). Since that time, Colón-Paneto has been in federal custody. He has now served the vast majority of his sentence: according to Colón-Paneto, his projected release date is September 3, 2027. (**ECF No. 1462 at 2**).

---

[1]    Colón-Paneto also filed several supplemental motions. (**ECF No. 1462**); (**ECF No. 1475**); (**ECF No. 1502**); (**ECF No. 1506**).

Case 3:15-cr-00137-MAJ    Document 1514    Filed 07/10/26    Page 3 of 11

Crim. No. 15-137-1 (MAJ)                                                    Page 3

On April 1, 2025, the Motion for Sentence Reduction was referred to Magistrate Judge Marcos E. López for an initial screening. (**ECF No. 1367**). On October 8, 2025, Magistrate Judge López filed a Report and Recommendation in which he concluded that Colón-Paneto "may be eligible for a sentence reduction" under Amendment 821 because the ninety-seven (97) month sentence imposed as to Count 1 is greater than the sentence that would have been imposed had the current Sentencing Guidelines "been in effect when [Colón-Paneto] was sentenced." (**ECF No. 1439**).

On March 24, 2026, Judge López issued a second Report and Recommendation addressing whether the hardships facing Colón-Paneto's family constitute an "extraordinary and compelling" circumstance warranting compassionate release. (**ECF No. 1485**).[2] Finding that Colón-Paneto had failed to introduce sufficient evidence to support his petition, Magistrate Judge López recommended that the Court deny the motion without prejudice. (**ECF No. 1485**). Colón-Paneto filed an objection. (**ECF No. 1486**).

For the reasons that follow, the Court adopts in part and rejects in part the recommendations made by Magistrate Judge López and **DENIES** the Motion for Compassionate Release without prejudice pending the submission of further evidentiary support.

---

[2]    Following the issuance of the first Report and Recommendation, Colón-Paneto filed a supplemental motion to further support and clarify the request for compassionate release. (**ECF No. 1462**); (**ECF No. 1475**). The motion was referred to Judge López for an additional Report and Recommendation. In the second Report and Recommendation, Judge López only addressed the Motion for Compassionate Release, which was not addressed in the previous Report and Recommendation. (**ECF No.  1485 at 2 n.1**).

Crim. No. 15-137-1 (MAJ)                                                    Page 4

## II.    Legal Standard

Under 28 U.S.C. § 636(b)(1)(C), a federal district court judge may refer a motion to a magistrate judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharm. Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). A party is entitled to de novo review upon filing written objections to a Report and Recommendation within fourteen days. 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.    Analysis

### a.  Motion for Sentence Reduction

Colón-Paneto argues that he qualifies for a reduction to his sentence under Amendment 821 to the United States Sentencing Guidelines, commonly known as "zero point offenders", (**ECF No. 1366 at 8–9**), which "altered Chapter Four of the Guidelines to provide a two-level reduction for certain offenders with no criminal history[.]" *United States v. Rivera-Dubois*, Crim. No. 18-0276, 2024 WL 3488665, at *2 (D.P.R. July 19, 2024). "To be eligible for the two-level Base Offense Level . . . reduction under Amendment 821, a defendant must meet a range of criteria including having no criminal history points, having committed the instant offense without the use of violence or the threat thereof, and having committed the instant offense without possession, receipt, purchase, transport, transfer, sale, or other disposition of a firearm or dangerous weapon." *Id.* (citing U.S.S.G. § 4C1.1(a) (2023)). "Amendment 821 is retroactively applicable." *Id.*

Case 3:15-cr-00137-MAJ    Document 1514    Filed 07/10/26    Page 5 of 11

Crim. No. 15-137-1 (MAJ)                                                    Page 5

As Colón-Paneto acknowledges, this request faces a clear obstacle: when Colón-Paneto entered a guilty plea in the instant case, he plead guilty to "Conspiracy to Possess with Intent to Distribute Controlled Substances" and "Possession of a Firearm in Furtherance of a Drug Trafficking Crime." (**ECF No. 631**). Because eligibility for the relevant "Zero-Point Offender" adjustment under § 4C1.1 requires that "the defendant did not possess . . . a firearm . . . in connection with the offense[,]" Colón-Paneto's conviction for possession of a firearm in furtherance of a drug trafficking crime appears to render him ineligible for the relief he seeks. *See* U.S.S.G. § 4C1.1(a)(7). Colón-Paneto argues, however, "that the 'instant offense' referred to in [Section 4C1.1(a)(7)] should be interpreted as the drug conspiracy alone," since Colón-Paneto only seeks a reduction to the sentence imposed as to the drug conspiracy crime, and "[t]he firearm offense . . . resulted in a mandatory consecutive sentence and was not part of the guideline calculation for the drug offense." (**ECF No. 1366 at 8**). In essence, the question posed by Colón-Paneto requires the Court to determine the meaning of the language "in connection with the offense" under § 4C1.1(a)(7). Colón-Paneto urges the Court to interpret this provision as pointing to only the elements of the conspiracy offense, rather than to the full-range of criminal conduct to which he plead guilty in this case.

The Court is not aware of any precedent that squarely addresses this question. However, the "in connection with the offense" clause of Section 4C1.1(a)(7) is identical to the language of U.S.S.G. Section 5C1.2(a)(2), which provides eligibility criteria for the so-called "safety valve" provision of the Guidelines. Specifically, Section 5C1.2(a)(2) bars safety valve relief as to any person who "possess[es] a firearm or other dangerous weapon . . . *in connection with the offense*[.]" U.S.S.G. § 5C1.2(a)(2) (emphasis added). Courts

Case 3:15-cr-00137-MAJ    Document 1514    Filed 07/10/26    Page 6 of 11

Crim. No. 15-137-1 (MAJ)                                                        Page 6

interpreting that provision have consistently held that the term "in connection with the offense" points to the full range of conduct underlying the offense of conviction, rather than the mere elements of that offense. *See United States v. Fitzpatrick*, 67 F.4th 497, 504–505 (1st Cir. May 17, 2023) (affirming denial of safety valve relief based on "all relevant conduct" where the defendant possessed a firearm in connection with a drug-related offense); *United States v. Giannantonio*, Crim. No. 24-14040, 2026 WL 552804, at *6 (11th Cir. Feb. 27, 2026) (requiring the district court to make a fact-specific finding under 4C1.1(a)(7) since "the plain text of § 4C1.1(a)(7) focuses on the defendant's own conduct"); *United States v. Prince*, Crim. No. 18-0313, 2026 WL 1040946, at *1 (D. Md. Apr. 17, 2026) (employing conduct-specific analysis in evaluating whether § 4C1.1.(a)(7) was applicable to defendant). There is no sound basis for interpreting the identical language in Section 4C.1.1 differently than under Section 5C1.2(a)(2). The Court therefore finds that Colón-Paneto is ineligible for a Zero-Point Offender sentence reduction under Section 4C.1.1 because he admitted to possessing firearms "in connection with" the drug trafficking offense charged under Count 1. Indeed, Defendant stipulated in the plea agreement that he "acknowledge[d] . . . knowingly and unlawfully us[ing] and carry[ing] firearms . . . during and in relation to a drug trafficking crime as charged in [Count] One[.]" (**ECF No. 629 at 16**). Accordingly, he is not eligible for a reduction to his sentence under Amendment 821.[3]

---

[3]    At least one Report and Recommendation from this District has reached the same conclusion. *See United States v. Serrano-Nieves*, Crim. No. 19-121-10, Dkt. #3285 (D.P.R. May 2, 2024) ("Defendant pled guilty to drug trafficking (Count One) and possessing a firearm in connection with that offense (Count Six). He received mandatory minimum 60 month sentences for both offenses. Further, regarding Count One, Defendant was a zero-point offender, who used violence in connection with the offense, pled guilty to using a firearm in connection with this

Case 3:15-cr-00137-MAJ   Document 1514   Filed 07/10/26   Page 7 of 11

Crim. No. 15-137-1 (MAJ)                                                                    Page 7

### b. Motion for Compassionate Release

Under 18 U.S.C. § 3582, a federal district court may modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i). "To grant the motion, the district court must find both that the defendant [1] has presented an extraordinary and compelling reason warranting a sentence reduction, and [2] that such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" *United States v. Ruvalcaba*, 26 F.4th 14, 18–19 (1st Cir. 2022) (internal quotations and citations omitted) (overturned on other grounds).

To determine whether an "extraordinary and compelling" reason warranting compassionate release exists, the Court must "conduct a holistic inquiry, considering any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief." *United States v. Duluc-Méndez*, 156 F.4th 55, 61 (1st Cir. 2025) (internal quotations and citations omitted). In conducting this inquiry, the Court is authorized "to consider any extraordinary and compelling reason for release that a defendant might raise," *id.* (citations and quotations omitted), as there is no exhaustive set of "extreme hardships" that the prisoner must demonstrate to qualify for release. *See United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021) (noting that § 3582(c)(1)(A) requires that the district court "find that the defendant's situation constitutes the type of 'extreme hardship' that the compassionate-release statute is designed to ameliorate."). This does not relegate compassionate release motions to a "Wild West" in which the

---

offense, and received an adjustment for his aggravating role in the offense. Accordingly, he is not eligible for a reduction.") (internal citations omitted).

Court's discretion is "unbounded"; instead, the plain terms of the statute "obligate the district court to find a reason that is both extraordinary and compelling." *Ruvalcaba*, 26 F.4th at 23.

The Sentencing Commission has not promulgated a policy statement applicable to the present motion. *United States v. Gonzalez*, 68 F.4th 699, 704 (1st Cir. 2023). Nevertheless, the Court may look to the current policy statement, although technically not applicable, as a "a non-binding reference." *Ruvulcaba,* 26 F.4th at 23. The current policy statement, U.S.S.G. § 1B1.13, instructs courts to consider: (1) the medical circumstances of the prisoner, (2) the age of the prisoner, (3) their family circumstances, (4) whether the prisoner is a victim of abuse, (5) other circumstances "similar in gravity," or (6) whether the prisoner is serving an "unusually long sentence." U.S.S.G. § 1B1.13(b). In addition, the policy statement holds that the reviewing court may look to the prisoner's age and time of incarceration in lieu of any "extraordinary and compelling reasons" warranting the reduction, and that, whatever the proposed justification for compassionate release, the prisoner must also show that he is not a danger to the safety of any other person or to the community, as provided under 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13(a)(1)–(3) (further noting that the reduction must be "consistent with his policy statement"); *see also* 18 U.S.C. § 3142(g) (setting forth the factors to be considered where a court entertains a request for pre-trial release). Colón-Paneto bears the burden of demonstrating his eligibility for a reduction to his sentence. *See United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022).

In relevant part, the Sentencing Commission's policy statement provides:

Case 3:15-cr-00137-MAJ    Document 1514    Filed 07/10/26    Page 9 of 11

Crim. No. 15-137-1 (MAJ)                                                      Page 9

(b) Extraordinary and Compelling Reasons. — Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

. . .

(3) Family Circumstances of the Defendant. —

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent or sibling of the defendant.

U.S.S.G. §1B1.13(b)(3). Invoking subsection (D), Colón-Paneto bases his request for compassionate release on exigent family circumstances that have worsened since he began serving his sentence in 2016.[4] Colón-Paneto has three children with his wife,

---

[4]    In addition, Colón-Paneto argues that evidence of his rehabilitation supports his request for compassionate release, emphasizing that he has "made substantial efforts towards rehabilitation" during his incarceration. (**ECF No. 1366 at 4**). Specifically, Colón-Paneto points to "numerous personal development and educational courses" that he has successfully completed, arguing that they illustrate a "positive attitude[,]" and a "commitment to personal growth" as well as "potential for successful reintegration into society." (**ECF No. 1366 at 4**). In isolation, this cannot suffice to establish a basis for compassionate release, since Congress expressly precluded "rehabilitation alone from serving as an extraordinary and compelling reason for compassionate release[.]" *United States v. Duluc-Méndez*, 156 F.4th 55, 61 (1st Cir. 2025). While evidence of rehabilitation may be relevant in conjunction with some other ground for compassionate release, it must not be the only grounds for compassionate release. As a result, proof that Colón-Paneto's family circumstances warrant compassionate release is a necessary precondition to the relief he seeks. Moreover, because the Court finds that, with proper evidentiary support, Colón-Paneto's

Case 3:15-cr-00137-MAJ    Document 1514    Filed 07/10/26    Page 10 of 11

Crim. No. 15-137-1 (MAJ)                                                    Page 10

Jasmiz Feliciano ("Feliciano"), "including a son [J.C.F.] diagnosed with severe, non-verbal autism." (**ECF No. 1366 at 4**); *see also* (**ECF No. 1462 at 3**). During the ten years that Colón-Paneto has been incarcerated, Feliciano developed issues with "severely debilitating chronic back pain, which has drastically limited her ability to care for [their] autistic son[.]" Since "there is no other family member available to assume caregiving responsibilities, Defendant requests that his sentence be reduced to time served so that he may fulfill his parental and caregiving responsibilities." (**ECF No. 1485 at 2–3**) (internal quotations omitted).

To establish a proper basis for compassionate release under subsection (D), Colón-Paneto must establish that he is "the only available caregiver" for his son. As the Report and Recommendation from Judge López notes, there is extensive evidence on the record corroborating that Colón-Paneto's son, J.C.F., is a minor-child "diagnosed with . . . autism spectrum disorder" who needs an intense level of care. (**ECF No. 1485 at 6**) (internal citations and quotations omitted). However, as the Report and Recommendation goes on to explain, "Defendant has failed to specifically cite to portions of the record of this case that support his claims that Feliciano indeed suffers from a chronic back pain condition," and Defendant acknowledges that Feliciano "is not entirely incapacitated." *Id.* (internal citations and quotations omitted). The Court therefore agrees with the Report and Recommendation that Defendant has not, at this stage, properly established a basis for compassionate release. *Id.* at 7 (collecting cases).

---

family circumstances may alone constitute an "extraordinary and compelling" circumstance supporting his request for compassionate release, the Court need not address Colón-Paneto's rehabilitation arguments at this stage.

Case 3:15-cr-00137-MAJ    Document 1514    Filed 07/10/26    Page 11 of 11

Crim. No. 15-137-1 (MAJ)                                                                 Page 11

As a result, the Court finds that compassionate release is not warranted on the present record. [5] However, the Court will allow Colón-Paneto a further opportunity to introduce supporting evidence. The instant Motion for Compassionate Release will be denied without prejudice pending submission of additional evidence supporting the motion. If Colón-Paneto elects to renew the motion by filing additional evidentiary support for the claim that he has established an "extraordinary and compelling" reason for his release, he shall introduce any applicable evidence demonstrating that "[he] would be the only available caregiver" for his son. U.S.S.G. §1B1.13(b)(3). Upon submission of those materials, the Court will reconsider the instant motion.

## IV.    Conclusion

For the foregoing reasons, the instant Motion for Compassionate Release is **DENIED** without prejudice pending submission of additional supporting materials. Colón-Paneto shall have sixty (60) days to submit such materials.

It is so **ORDERED**.

In San Juan, Puerto Rico, this 10th day of July, 2026.

/s/ **María Antongiorgi-Jordán**
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**

---

[5] Before granting compassionate release, the Court must also consider any applicable factors set forth in 18 U.S.C. § 3553(a) to determine whether a reduction in sentence is warranted in whole or in part. *Ruvalcaba*, 26 F.4th at 19. Under 18 U.S.C. § 3553(a), sentencing courts must "impose a sentence sufficient, but not greater than necessary" according to an enumerated set of factors. *See* 18 U.S.C. § 3553(a). Because Colón-Paneto has not yet established an "extraordinary and compelling" basis for compassionate release, the Court need not address the § 3553(a) factors at this time.